IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:08CR326 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| JESUS A. IXTA-SALAZAR, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the following motions filed by the Defendant, Jesus A. Ixta-Salazar: to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 motion") (Filing No. 134); for appointment of counsel (Filing No. 135); and for leave to proceed in forma pauperis (Filing No. 136).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

**FACTUAL BACKGROUND**

Ixta-Salazar was convicted, after a jury trial, of the following charges in the Indictment: distributing or possessing with intent to distribute 500 grams or more of methamphetamine (Count I); being an illegal alien in possession of a firearm (Count III); and criminal forfeiture (Counts IV and V).

Ixta-Salazar was sentenced to 235 months imprisonment on Counts I and VI, which were grouped. The property that was the subject of Counts IV and V was forfeited. The Eighth Circuit Court of Appeals affirmed this Court's judgment in a per curiam opinion. Ixta-Salazar timely filed his § 2255 motion.

## DISCUSSION

In his § 2255 motion, Ixta-Salazar argues that he received ineffective assistance of counsel at trial and on appeal.

In order to establish ineffective assistance of counsel, Ixta-Salazar must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687.

**Ground One: Speedy Trial**

Ixta-Salazar argues that his trial attorney was ineffective for failing to file a motion to dismiss his case based on a violation of the Speedy Trial Act, 18 U.S.C. § 3161, and that his attorney was ineffective for not raising the issue on appeal. Ixta-Salazar calculates that 96 days elapsed between his arraignment and the first day of trial.

On the day of Ixta-Salazar's arraignment, the government orally moved for detention. The Magistrate Judge held that motion in abeyance pending the Defendant's

coming into federal custody. It appears that until the day of trial Ixta-Salazar remained in state custody, and the government's motion was pending throughout the pretrial stage of his case. The time during which a motion is pending is excludable under 18 U.S.C. § 3161(h)(1)(D).

Although it appears highly doubtful that Ixta-Salazar can prove either prong of the *Strickland* test, out of an abundance of caution the government will be ordered to answer this claim.

**Ground Two: Motion to Suppress**

Ixta-Salazar alleges that his attorney was ineffective for failing to move to suppress the search of his car that resulted in the seizure of the .45 caliber Ruger pistol referred to in Count III of the Indictment. He also argues his counsel was ineffective on appeal for failing to raise the suppression issue.

The government will be ordered to answer this claim.

**Ground Three: Presentence Investigation Report**

Ixta-Salazar states his counsel provided ineffective assistance at trial by not objecting to the Presentence Investigation Report ("PSR") and on appeal for not raising this issue. Specifically, Ixta-Salazar argues that the Court erroneously adopted factual findings that connected the Ruger pistol referred to in Count III to the drug conspiracy charged in Count I, which resulted in a 2-level enhancement under § 2D1.1(b)(1) in ¶ 35 of the PSR.

The government will be ordered to answer this claim.

**Ground Four: Sentence**

Ixta-Salazar argues his attorney was ineffective at trial for not objecting to the imposition of a sentence "longer in duration than what was authorized by the jury's verdict" and on appeal for not pursuing the issue. (Filing No. 134, at 16.) Ixta-Salazar's argument is based on the premise that the jury's finding that the drug quantity attributable to him was "500 grams or more" of methamphetamine should have placed him at base offense level 32. However, Ixta-Salazar's argument is misplaced. The jury's finding was based on the statutory ranges of drug quantity, and he was properly sentenced based on the ranges provided in the sentencing guidelines determined by the sentencing Court by a preponderance of the evidence. *United States v. Hollingsworth,* 298 F.3d 700, 703 (8th Cir. 2002). Ixta-Salazar was attributed to have been involved with more than 5 but less than 15 kilograms of methamphetamine, a quantity amply supported by the evidence. Therefore, he was correctly placed at base offense level 36.

Ixta-Salazar cannot meet either prong of the *Strickland* test, and this claim is denied.

**Ground Five: Interpreter**

Ixta-Salazar argues that his counsel was ineffective at trial for failing to ensure that the Spanish language interpreters who assisted at trial were sworn under oath and on appeal for not raising the issue. Two interpreters assisted at trial, and both are federally certified interpreters.

Ixta-Salazar cannot meet either prong of the *Strickland* test, and this claim is denied.

**Ground Six: Government Agent at Counsel Table**

Ixta-Salazar argues his counsel was ineffective for failing to challenge, at trial and on appeal, the seating of Drug Enforcement Agent Brent Fisher at the government's counsel table during trial. A case agent may be allowed to sit at counsel table at trial, even if the agent is a witness. Fed. R. Evid. 615.

Ixta-Salazar cannot meet either prong of the *Strickland* test, and this claim is denied.

**Ground Seven: Hearsay Objections**

Ixta-Salazar states his counsel was ineffective at trial for not objecting to all inadmissible hearsay testimony of alleged co-conspirators and/or in failing to move that hearsay testimony be stricken and disregarded. He also alleges his attorney was ineffective on appeal for not raising this issue. More precisely, Ixta-Salazar argues that because independent evidence of his membership in the charged conspiracy was lacking, his attorney was remiss in objecting to the Court's erroneous admission of such testimony under *United States v. Bell,* 651 F.2d 1255 (8th Cir. 1981).

The government will be ordered to answer this claim.

## CONCLUSION

For the reasons discussed, the Court concludes that the government is ordered to answer certain claims as stated. The remaining claims are summarily denied under Rule 4(b) for the reasons discussed.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Filing No. 134);

2. Upon initial review, the Court summarily denies the following claims: Four, Five, and Six;

3. The government is ordered to answer the following claims on or before Wednesday, May 18, 2011, and support its answer with a brief: One, Two, Three, and Seven;

4. On or before Monday, June 20, 2011, the Defendant may file a responsive brief;

5. The Defendant's motions to appoint counsel (Filing No. 135) and for leave to proceed in forma pauperis (Filing No. 136) are held in abeyance; and

6. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 18th day of April, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge