## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  8:08CR326 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| JESUS IXTA-SALAZAR, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the merits of the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 134) filed by the Defendant, Jesus Ixta-Salazar.  Also before the Court are the following motions filed by the Defendant: motions to appoint counsel (Filing Nos. 135, 139); for leave to proceed in forma pauperis (Filing No. 136); and to strike the government's index of evidence (Filing No. 150).  The government filed a very detailed brief in support of its Answer (Filing No. 144) and an index of evidence (Filing No. 145).  The Defendant filed a reply brief (Filing No. 145).  On initial review, the Court summarily dismissed Claims Four, Five, and Six and required the government to answer Claims One, Two, Three, and Seven. For the reasons discussed below, the § 2255 motion will be denied on its merits.

### FACTUAL BACKGROUND

Ixta-Salazar was found guilty after a jury trial of Counts I, III, IV and V of the Indictment charging him with distributing or possessing 500 grams or more of a mixture or substance containing methamphetamine with intent to distribute (Count I), being an illegal alien in possession of a firearm (Count III), and criminal forfeiture (Counts IV and V).  Ixta-Salazar was sentenced to concurrent terms of 235 months imprisonment and concurrent terms of 5 years supervised release on Counts I and III.  Property was forfeited.  Ixta-

Salazar and the government filed cross appeals. The Eighth Circuit Court of Appeals granted the government's motion for voluntary dismissal of its appeal, and affirmed this Court's denial of Ixta-Salazar's motion for acquittal, and affirmed his sentence.  Ixta-Salazar's timely § 2255 motion followed.

Ixta-Salazar argues that his trial counsel and appellate counsel were ineffective. Jessica Milburn represented Ixta-Salazar during the pretrial stage of the case.  James Crampton represented Ixta-Salazar at trial and on appeal.  Each claim that the government was required to answer is discussed below.  The government's brief included a detailed statement of facts.  (Filing No. 144, at 1-10.)

## DISCUSSION

### I.     § 2255 Motion

In order to establish ineffective assistance of counsel, Ixta-Salazar must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984).  The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89.  The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687.

### A.    Claim One: Speedy Trial

Ixta-Salazar argues that his trial attorney was ineffective for failing to file a motion to dismiss his case based on a violation of the Speedy Trial Act, 18 U.S.C. § 3161, and that

his attorney was ineffective for not raising the issue on appeal. Ixta-Salazar calculates that 96 days elapsed between his arraignment and the first day of trial.

On the day of Ixta-Salazar's arraignment, the government orally moved for detention. The Magistrate Judge held that motion in abeyance pending the Defendant's coming into federal custody. It appears that until the day of trial Ixta-Salazar remained in state custody, the government's motion was pending throughout the pretrial stage of his case, and no days that could be calculated against the "speedy trial clock" elapsed before trial. The time during which the government's motion was pending is excludable under 18 U.S.C. § 3161(h)(1)(D). Therefore, Ixta-Salazar cannot prove either prong of the *Strickland* test, and the claim is denied.

**B.      Claim Two: Motion to Suppress; Stipulation**

Ixta-Salazar alleges that his attorney was ineffective for failing to move to suppress the search of his car that resulted in the seizure of the .45 caliber Ruger pistol referred to in Count III of the Indictment. Ixta-Salazar also argues that his trial counsel was ineffective for not consulting him before stipulating at trial to his being in the United States illegally and possessing a firearm on the date of the stop. Finally, he argues his counsel was ineffective on appeal for failing to raise these issues.

**1.      Suppression**

"To support a probable cause determination, officers may rely on an informant's tip if the informant has provided reliable information in the past or if [the] tip is independently corroborated." *United States v. Hambrick,* 630 F.3d 742, 747 (8th Cir.), *cert. denied,* 131 S. Ct. 2919 (2011).

Ixta-Salazar cannot establish that, had counsel filed a motion to suppress the search, the motion would have been granted or the outcome of his case would have been different. The government's evidence shows that on May 27, 2008, officers responded to a witness's report of a disturbance or possible abduction. A license number and other information identifying the vehicle in question was supplied. The witness reported that the suspect, later identified as Ixta-Salazar, was threatening the victim with a gun. Officers made a felony traffic stop based on the information provided, and Ixta-Salazar was arrested. In locating the car, the witness's information was corroborated. A loaded .45 caliber Ruger pistol was found under the driver's seat of Ixta-Salazar's vehicle. Ixta-Salazar admitted possessing the gun and to being in the United States illegally, and the gun was the subject of Count III of the Indictment. He was charged with: not having an operator's license; carrying a concealed weapon; being a felon in possession of a firearm; and child abuse/neglect.

## 2.    Stipulation

During a colloquy regarding the stipulation Ixta-Salazar was specifically asked whether he was stipulating that "on the date that [he was] stopped with the firearm in May of '08, that [he was] already illegal?" (Filing No. 107, Tr. at 346.) He responded affirmatively. (*Id*.) Therefore, Ixta-Salazar's argument that he was not consulted with respect to the stipulation fails.

Under the circumstances, Ixta-Salazar cannot show that he would have been successful or that his case would have had a different outcome if his attorney had filed a motion to suppress the gun.

4

## C.    Claim Three: Presentence Investigation Report

Ixta-Salazar states his counsel provided ineffective assistance at trial by not objecting to the Presentence Investigation Report ("PSR") and on appeal for not raising this issue. Specifically, Ixta-Salazar argues that the Court erroneously adopted factual findings that connected the Ruger pistol referred to in Count III to the drug conspiracy charged in Count I, which resulted in a 2-level enhancement under § 2D1.1(b)(1) in ¶ 35 of the PSR.

U.S.S.G. § 2D1.1(b)(1) allows a two-level enhancement if a defendant possessed a firearm.  Application Note 3 to § 2D1.1 states: "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."

Additionally, the Eighth Circuit has stated: "Although mere presence is insufficient to establish a nexus between a firearm and drug offense, '[a] nexus exists where there is a temporal and spatial relation between the weapon, the drug trafficking activity, and the defendant.'" *United States v. Smith,* __ F.3d __, No. 10-2998, 2011 WL 4389201, at *2 (8th Cir. Sept. 22, 2011) (citation omitted) (quoting *United States v. Perez–Guerrero,* 334 F.3d 778, 783 (8th Cir. 2003)).

Ixta-Salazar told officers that he bought the gun for protection approximately one month before it was seized during the traffic stop.  The PSR states that it was "likely" the gun was possessed during and in connection with the drug conspiracy.  As one example, the PSR stated that drug transactions with Robert Morris would have occurred during the time Ixta-Salazar possessed the gun.  (PSR, ¶ 26.)  Trial testimony shows that Ixta-Salazar had a role in the conspiracy during the time he possessed the gun.

5

Applying the law to the facts in this case, there was at least a temporal relationship between the gun and Ixta-Salazar's participation in the drug conspiracy.  It is not "clearly improbable" that the gun was connected to the drug offense.  Therefore, Ixta-Salazar cannot meet either prong of the *Strickland* test with respect to this claim.

**D.    Claim Seven: Hearsay Objections**

Ixta-Salazar argues that his trial attorney was ineffective for failing to object to inadmissible hearsay testimony of his alleged co-conspirators and his appellate counsel was ineffective for failing to raise the issue on appeal.  Specifically, Ixta-Salazar argues that because independent evidence of his membership in the conspiracy was lacking, his attorney was remiss on not objecting to the admission of the testimony in question under *United States v. Bell,* 651 F.2d 1255 (8th Cir. 1981).

Ixta-Salazar's trial attorney made several objections subject to rulings under *Bell*. (Filing No. 105, at 33-34 & 74; Filing No. 106, at 113-14.)  The Court concluded that the government met its burden of showing that the statements were made during the course of, and in furtherance of, the conspiracy to which the declarants and Ixta-Salazar were parties.  (Filing No. 108, at 551.)

Trial counsel was not remiss in failing to object to hearsay statements, and appellate counsel was not ineffective for not raising the issue on appeal.  Neither *Strickland* prong can be proven.

6

## II.     Motion to Strike Index

The government filed an index of evidence.  (Filing No. 145.)  Ixta-Salazar objects to the government's evidence, arguing the items listed are hearsay and are not subject to judicial notice because they have not been offered or received into evidence previously in the case.  The items consist of four investigative reports and three statements, and all items relate to Ixta-Salazar's arrest.

The Court has discretion to admit items, including documents, into evidence.  RULE 7(B) OF THE RULES GOVERNING SECTION 2255 CASES.  More specifically:

> Habeas Rule 7 is a "simplifying procedure[]" designed to "minimize the burden to all concerned" of the fact development process.  Rule 7 pursues this goal in two ways.  First, it permits the court to receive all or at least some of the evidence relevant to the disposition of the petition without a formal hearing . . . .  Second, it relaxes the rules of evidence by giving the court discretion to admit virtually all evidence that (1) "relat[es] to the petition"; (2) was in existence prior to the filing of the petition, or is tangible or "real" evidence that was not created in anticipation of litigation, or is comprised of or supported by a sworn statement; and (3) is not already part of the record of prior proceedings in the case.  The hearsay, best evidence, authentication, and other evidentiary rules are abandoned, therefore, except to the extent that a violation of those rules either undermines the relevance of the proffered material or tends to establish that unsworn out-of-court testimony was recorded for purposes of the litigation and, therefore, is inadmissible.

1 RANDY HERTZ & JAMES S. LIEBMAN, FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE § 19.5, AT 1001-03 (6TH ED. 2011).

To the extent that Ixta-Salazar objects to the documents based on hearsay: 1) the documents are not hearsay because they were not offered to prove the matters asserted; and 2) even if they are considered to be hearsay, they could be admitted as business

records or under the residual hearsay exception.  FED. R. EVID. 803(6) & 807.  Therefore, the motion to strike will be denied.

## CONCLUSION

For the reasons discussed, Ixta-Salazar cannot satisfy the *Strickland* test.  The record conclusively shows that Ixta-Salazar is not entitled to relief, and his § 2255 motion will be denied.

IT IS ORDERED:

1.      The Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 134) is denied;

2.      The following motions filed by the Defendant are denied as moot:

    a.      to appoint counsel (Filing Nos. 135, 139); and

    b.      for leave to proceed in forma pauperis (Filing No. 136);

3.      The Defendant's motion to strike (Filing No. 150) is denied;

4.      The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address; and

5.      A separate Judgment will be filed.

DATED this 20th day of October, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

8